IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| C. CLARK HODGSON, JR., RECEIVER, et al. | : | CIVIL ACTION |
| v. | : | |
| MAN FINANCIAL INC., et al. | : | NO. 06-1944 |

**MEMORANDUM AND ORDER**

The Court held an unrecorded telephone conference with counsel on September 19, 2006, which covered several case management and discovery issues, as follows:

1. Concerning the status of third party Defendants and discovery, Scott Magargee, Esquire reported that his clients, Messrs. Wallace and Gobora, were contemplating retaining other counsel. For this reason, they had requested a delay of their depositions, which had been tentatively scheduled for September 25, 2006. Mr. Magargee entered his appearance in this case for these two Defendants on August 9, 2006, and believes that they are entitled to insurance coverage for at least their costs of defense, but the insurance company which issued the Directors and Officers liability policy has not yet agreed to supply counsel. Thus, Mr. Magargee is still their counsel.

All third party Defendants must comply with the pre-trial discovery schedule. If new counsel enter the case, the Court will promptly schedule a conference so they can comply with the pre-trial schedule. Mr. Magargee shall cooperate with other counsel in setting an agreed upon date for the depositions of his clients within the discovery period. If counsel are unable to agree on a date quickly, the matter should be brought to the Court's attention promptly. Mr.

Magargee represented Messrs. Wallace and Gobora at their depositions in the companion case brought by the Commodity Futures Trading Commission. The Court notes that it will apply the same principles to the other two third party Defendants, Messrs. Lashbrook and Somerville, whose response to the Complaint is due on October 30, 2006.

2.  The Court then discussed the Motion to Compel filed by Man Financial against McCarter and English, LLP (Doc. No. 74). The Court initially found that the McCarter and English, LLP privilege log does not meet the requirements of Rule 26(b)(5), F. R. Civ. P., and directed counsel to revise the log in accordance with the rule, particularly by providing a more detailed description of the nature of the communication contained in the allegedly privileged documents. In this case there is no dispute that the McCarter and English clients have waived the attorney-client privilege. The discussion centered on whether McCarter and English could protect its work product from discovery by Man Financial. Preliminarily, the Court believes that certain types of attorney work product may be protected, notwithstanding the waiver of the attorney-client privilege by the client, but limited to "proprietary" work product, of which the Court gave some examples.

The Court ordered McCarter and English to supply a revised, and presumably more limited, privilege log to other counsel by the close of business on September 20, 2006 and to submit all of their documents, or portions of documents that may have been partially redacted, to chambers on September 21, 2006 for <u>in camera</u> examination.

3.  The Court held a brief discussion of a discovery dispute between Plaintiff and Man Financial. Counsel have agreed to have more discussions and, if necessary, Plaintiff will submit a letter summarizing existing disputes as of the close of business on September 22, 2006.

Man Financial will reply by the close of business on September 25, 2006.  The Court will hold a telephone conference on September 27, 2006 at 10:00 a.m.

BY THE COURT:

s/Michael M. Baylson

Date:  9/21/06

Michael M. Baylson, U.S.D.J.

O:\CIVIL\06-1944 Hodgson v. Gilmartin\Hodgson v. Man 06-1944 - Order 9-20-06.wpd