IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| C. CLARK HODGSON, JR., RECEIVER, et al. | : | CIVIL ACTION |
| v. | : | |
| MAN FINANCIAL INC., et al. | : | NO. 06-1944 |

| | | |
|---|---|---|
| COMMODITY FUTURES TRADING COMMISSION | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 05-2973 |
| PAUL M. EUSTACE, et al. | : | |

**MEMORANDUM AND ORDER**

Following receipt of correspondence from various counsel in the above-captioned cases, and specifically a letter from the United States Commodity Futures Trading Commission ("CFTC") dated February 13, 2007, requesting appointment of a Master to investigate certain issues which are collateral to the merits of these actions, the Court held a hearing on February 17, 2007 which was attended by counsel for all parties involved in both cases.

Following argument, and for the reasons stated on the record, the Court has determined that it is appropriate, and within the Court's discretion under Rule 53, F. R. Civ. P., to appoint a master to investigate and report on the matters raised by the CFTC and other parties. The Court has received various suggestions for appointment as master.

The Court appoints Abraham J. Gafni as Master. Professor Gafni, of the Villanova Law School, is inter alia a retired judge of the Court of Common Pleas of Philadelphia County and an active mediator and arbitrator. His declaration that he has no disqualification under 28 U.S.C. §

455, is attached to this Order.[1]

Accordingly, it is hereby ORDERED as follows:

1.      Professor Gafni's duties, as Master, are limited to investigating the issues raised by counsel in correspondence to the Court dated between February 8, 2007 and February 16, 2007, specifically including the issues raised on page four of the CFTC letter dated February 13, 2007; including whether any party or counsel had a duty of disclosure concerning a prior relationship or representation, and whether any counsel had a conflict of interest and, if so, whether it still exists.  If the Master concludes that a professional obligation existed and may have been breached, he may also recommend a remedy.

2.      Professor Gafni shall not investigate the underlying merits of these cases, whether any already-named parties should not have been named in these cases, or whether any person or entity not yet a party should be named as a party.

3.      Professor Gafni will begin his work forthwith and will proceed initially by reviewing the correspondence to the Court and interviewing counsel.  He may communicate ex parte with the Court, and may engage another present or former colleague at Villanova Law School to assist in the interviewing and/or legal research required and appropriate for the preparation of a Report, to be filed no later than March 30, 2007, with service on all counsel. Professor Gafni may also receive, request, and review additional documents in the possession, custody or control of counsel in these cases.

---

[1] Professor Gafni advises that although he knows the Receiver because he has participated once a year in a class taught by Professor Gafni at Villanova Law School, he has no personal or professional relationship with anyone connected with these cases, and he is certain that he can objectively perform the duties of Master in both cases.

4. Any party may file objections to the Master's report within ten (10) days after service. The objections may be supported by a brief, not to exceed twenty-five (25) pages in length. This Order, the Report and any objections shall be posted on the Receiver's website.

5. Any further proceedings will be scheduled by further order of the Court.

6. Professor Gafni will be compensated at the rate of $480 per hour, plus out-of-pocket expenses, and the compensation for any person assisting him will be set by the Court after reviewing the circumstances. These fees and expenses will be paid by the Receiver out of the Receivership assets upon approval by the Court.

7. There shall be no stay of proceedings in these cases pending the Report of the Master.

BY THE COURT:

s/Michael M. Baylson

Date: 2/16/07

Michael M. Baylson, U.S.D.J.

O:\CIVIL\06-1944 Hodgson v. Gilmartin\Hodgson 06-1944 - CFTC 05-2973 Memo appt master.wpd