IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STEPHEN J. HARMELIN, RECEIVER AD LITEM, et al.   :   CIVIL ACTION

v.   :

MAN FINANCIAL INC., et al.   :   NO. 06-1944

## MEMORANDUM AND ORDER

In this complex commercial litigation, C. Clark Hodgson, Jr., as Receiver for the Philadelphia Alternative Asset Management Company, LLC ("PAAMCo"), and its partners, affiliates, subsidiaries and related entities, brought a claim against Man Financial, Inc. ("Man") and several of its employees for damages, claiming breach of contract, fraud, RICO and other substantive grounds for recovery.  By Order dated May 3, 2007 (Doc. No. 241), Stephen J. Harmelin, Esquire was designated as Receiver Ad Litem to succeed Mr. Hodgson for purposes of this litigation only.  A pretrial conference was held on May 14, 2007 and an Amended Scheduling Order was filed on May 16, 2007, leading up to a trial scheduled to begin on September 17, 2007.

After the Receiver filed this claim against Man, Man asserted four counterclaims on behalf of itself and its employees, asserting (1) contractual indemnification against the "Offshore Fund" (the formal name of which is the "Philadelphia Alternative Asset Fund, LTD"), (2) common law indemnification against PAAMCo, (3) breach of contract against the Offshore Fund for apportionment and (4) contribution against PAAMCo and the Offshore Fund. Plaintiff filed a Motion to Dismiss these counterclaims (Doc. No. 158), and the matter has been fully briefed.

This Court previously dealt with motions to dismiss claims for indemnification and contribution which Defendants made against the third party Defendants in this case. Counsel for Man and the third party Defendants engaged in similar rounds of vigorous briefing concerning issues of indemnification and contribution, which included disputes as to which state law would govern these claims. In two Memoranda denying the motions to dismiss these claims by third party Defendants, see 2006 WL 2791341 and 2006 WL 3861067, this Court denied the Motions to Dismiss for basically two reasons. First, the Court did not believe it could appropriately determine the choice of law issue until discovery was completed; and secondly, the Court could not say as a matter of law that there was no set of facts under which Man and the other Defendants might not be entitled to indemnification and/or contribution, and therefore denied the Motions to Dismiss the third party claim by Defendants.

In this situation, Man has asserted counterclaims for indemnity and/or contribution against Plaintiff, as standing in the shoes of the Offshore Fund and PAAMCO, and the Plaintiff seeks to have them dismissed. Once again, the briefs cite many cases and pose a number of scenarios and alternatives, none of which may turn out to be in accord with the facts and jury verdicts that may actually be rendered on the principal claim of the Receiver Ad Litem against Defendants. The Court does not deem it a wise expenditure of judicial time to write definitively on any of these claims for the same reason as the Court expressed in denying the third party Defendants' Motions to Dismiss Man's third party claims against them. Once again, there are disputes as to the appropriate choice of state law and the Court declines to make a definitive ruling on this issue at this time. See Hammersmith v. TIG Ins. Co., 480 F.3d 220 (3d Cir. 2007).

Secondly, the Court cannot say before discovery has been fully completed, expert reports

filed, dispositive motions ruled upon, let alone any testimony taken at a trial, that there is no set of facts under which Man would be entitled to indemnity and/or contribution.  Plaintiff posits that Man cannot seek indemnity or contribution for its own wrongdoing, and assuming arguendo that is an accurate statement of law, there are multiple other possible scenarios of how this case will end.  The fact that Defendants have announced, by filing counterclaims, that they are seeking indemnity or contribution need not change discovery or the tenor or length of the trial of this case, nor unduly complicate the jury's role.  It may be that the Court would bifurcate or otherwise identify factual issues relevant to claims for indemnity and/or contribution, and/or may ask the jury for answers to specific interrogatories as to these claims.  In other words, the legal issues are premature.

For all of these reasons, the Court will deny the Plaintiff's Motion to Dismiss Man's counterclaims (Doc. No. 134) without prejudice.

BY THE COURT:

s/Michael M. Baylson

Date:  5/22/07

Michael M. Baylson, U.S.D.J.

O:\CIVIL\06-1944 Hodgson v. Gilmartin\Hodgson v. Man - Order 5-22-07.wpd