IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STEPHEN J. HARMELIN, RECEIVER AD LITEM, et al.   :   CIVIL ACTION

v.                                                :

MAN FINANCIAL INC., et al.                        :   NO. 06-1944

### MEMORANDUM AND ORDER

Several discovery issues have arisen in the this complex case brought by the Receiver Ad Litem, who has made claims against two financial institutions, one of which has asserted third-party claims.

**I.   Disputes Concerning Communications with Third Parties, Including But Not Limited to Governmental Entities Concerning the Issues in this Case**

Several of the third-party Defendants have requested Defendant Man Financial, Inc. ("Man") to produce documents propounded by Man or its outside counsel,[1] reflecting communications with any third party, including but not limited to government agencies, relating to the allegations in the Complaints in this case, which necessarily concern the subject matter of this case and/or are relevant to the claims or defenses of one or more of the parties in this case.

Man resists this discovery, asserting that it is privileged and/or work product (but according to the letter briefs submitted, appears not to have served any privilege logs concerning

---

[1] See Former Directors' Request No. 26, First Set; Requests Nos. 5, 6, and 11, Second Set; and UBS' First Requests Nos. 16 and 17.  The fact that the documents and/or communications provided to third parties came from Man's outside counsel rather than Man itself was due to Man's decision to put its outside counsel in charge of such communications with third parties, and this circumstance does not in any way lessen Man's discovery obligations.  A party in litigation cannot thrust facts upon its counsel and claim any refusal to produce for having done so, whether based on an asserted privilege or otherwise.  This privilege protects only the communication with counsel, not the facts.  In re Linerboard Antitrust Lit., 237 F.R.D. 373 (E.D. Pa. 2006).

the sought after material), and also claims that the discovery sought is not proper.

The Court finds that the materials sought are not privileged or necessarily work product, and by definition contain information that is relevant to claims and defenses asserted, and also, as to the subject matter of this action, good cause exists for their discovery. The absence of a privilege log strongly suggests that the material sought is not privileged in the usual sense of the word because, if facts were disclosed to a government agency, that is not a confidential communication between an attorney and a client. The Court rejects any claim of an accountant-client privilege as legally unfounded, and will require production of all documents that disclose communications on the requested topics between Man and its auditors or accountants. However, in order to fully assess the material sought in the context of the claim of attorney work product, the Court is willing to examine the materials in camera before requiring their production, and will consider any redactions proposed by Man.

Man's communications with third parties, including government agencies such as the Commodity Futures Trading Commission ("CFTC") and the National Futures Association ("NFA") are included in this Order. To the extent that Man included privileged communications between Man and its counsel or attorney work product in its submissions to the CFTC and NFA, the Third Circuit case of Westinghouse Electric Corp. v. Republic of Philippines, 951 F.2d 1414 (3d Cir. 1991) precludes any claim of privilege continuing to exist for these materials. See, also, Wawrzynk v. Gliatech, Inc., 2004 WL 887414 (E.D. Pa. 2004).[2]

---

[2]The Court notes that Congress may have before it shortly a proposal from the Judicial Conference of the United States seeking to add a new federal rule of evidence which would preclude discovery of disclosures made to a government agency under certain conditions. The undersigned is a non-voting member of the Advisory Committee on the Federal Rules of Evidence, which originated and has recommended this proposal. However, it is not yet law and

**II.     Deposition of Man's General Counsel**

A dispute has arisen over the attempt of Defendant UBS Fund Services to secure from Man's general counsel (Howard Schneider, Esquire) information on the above topics, including any governmental investigations of Man. From the submissions, the record does not show that Mr. Schneider has any personal knowledge of the facts that may have led to the government's investigation. Thus, information that he may have concerning the investigation would necessarily concern communications with Man officers and employees, which would be presumptively privileged.

Requiring a corporate general counsel to provide this kind of information in a deposition can tread heavily on the protections provided by the attorney-client privilege. As noted above, Man giving facts to its counsel does not excuse Man itself from providing the facts requested. Man cannot assert the privilege to prevent production merely because it has supplied the facts to its general counsel. Man is responsible for disclosing the facts, but need not disclose its communications with its counsel, and thus a deposition of its counsel is not a proper way to get the information.

Recognizing this fundamental distinction, the Court assumes that this Order, requiring Man to produce all documents constituting its communications with government agencies, will provide all other parties with the appropriate facts disclosed, and that the information need not come from the testimony of Man's general counsel.

Other questions have been raised about a "Wells Notice" but Man's counsel has asserted in her letter brief dated August 10, 2007 that Man has not received any Wells Notice by the

---

Westinghouse remains the applicable statement of Third Circuit law.

CFTC or any other government agency with respect to the facts concerning this litigation, and thus has not responded to any Wells Notice, and also represents that Man did not provide any written representations to third parties regarding its position in this litigation, or about the merits of this litigation in connection with an initial public offering.

Man's argument in support of its refusal of these requests, citing the Court's ruling that post-litigation communications among counsel on the issue of indemnification need not be produced, is rejected. The Court finds a significantly substantive difference between those type of communications among counsel, and communications by Man with third parties, including government agencies.

For the reasons stated above, the Court will allow Man to decide whether it will produce, in camera, its communication with third parties, accountants and government agencies related to the claims and defenses of any party, and the subject matter of this litigation, by the close of business on Tuesday, August 21, 2007, or to produce these materials directly to other parties no later than August 24, 2007. If the former, the Court will examine the materials promptly, and unless deemed not discoverable, will direct Man's counsel to serve copies on all other counsel in this case.

BY THE COURT:

s/Michael M. Baylson

Date:   8/15/07

Michael M. Baylson

O:\CIVIL\06-1944 Hodgson v. Gilmartin\Harmelin v. Man 06-1944 - Memo 8-14-07.wpd