IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STEPHEN J. HARMELIN, RECEIVER AD LITEM, et al. :     CIVIL ACTION

v. :

MAN FINANCIAL INC., et al.                     :        NO. 06-1944

**MEMORANDUM RE: UBS'S MOTION TO DISMISS MAN FINANCIAL AND THOMAS GILMARTIN'S CROSS-CLAIMS**

**Baylson, J.**                                                             **September 20, 2007**

       Presently before the court is a motion by Defendant UBS Fund Services (Cayman), Ltd. ("UBS") to dismiss the cross-claims of Defendants Man Financial, Inc. ("Man") and Thomas Gilmartin ("Gilmartin").

       For detailed descriptions of the facts underlying this case, see Memoranda reported at 2006 WL 3791341, 2006 WL 2869532, and 2006 WL 2707397.

**Summary of the Arguments**

       On July 23, 2007, Defendant Man filed cross-claims against UBS for indemnification and contribution based on two theories, Breach of Fiduciary Duty and Negligence. Defendant Gilmartin filed his cross-claims against UBS on the same day, asserting essentially the same claims. According to Man and Gilmartin, UBS breached its fiduciary duty as the fund administrator for the Philadelphia Alternative Asset Fund, Ltd. (the "Offshore Fund"),[1] by failing to properly calculate the Offshore Fund's Net Asset Value ("NAV"), by failing to independently

---

[1] UBS refers to the Offshore Fund, *i.e.* Philadelphia Alternative Asset Fund, Ltd., as "PAAF".

verify requests for reconciliation made by the Offshore Fund's investment manager, Philadelphia Alternative Asset Management Company, LLC ("PAAMCo"), and by failing to insure it had access to all of the Offshore Fund's trading accounts, among other things.  (See Man's Answer, Affirmative Defenses, Counterclaims and Cross Claims to the Second Amended Complaint, hereinafter "Man's Cross-Claims", at ¶ 353; Gilmartin's Answer, Affirmative Defenses, Counterclaims and Cross Claims to the Second Amended Complaint, hereinafter "Gilmartin's Cross-Claims", at ¶ 315-316.)  Man and Gilmartin allege that UBS's breach of its fiduciary duties caused the alleged damages suffered by the Receivership entities, for which Man and Gilmartin may be found liable.  (Man's Cross-Claims at ¶ 317, 355-356; Gilmartin's Cross-Claims at ¶ 316-317.)  Man sets forth other facts and details such as UBS's assignment of an inexperienced accountant to perform services for the Offshore Fund and various failures on the part of that accountant and his supervisor.  (Man's Cross-Claims at ¶ 318-358.)

Man and Gilmartin's claims of Negligence rely on similar facts.  (Man's Cross-Claims at ¶ 359-366; Gilmartin's Cross-Claims at ¶ 320-324.)

UBS seeks dismissal of the cross-claims on the grounds that they are, at base, breach of contract claims and should be evaluated as such.  According to UBS, indemnification and contribution are not available for breach of contract claims under New York law.  UBS states that it New York law applies because in previous proceedings, Man took the position that New York law applied.

Man and Gilmartin respond jointly that they in fact correctly allege breach of fiduciary duty and negligence, and their claims are not breach of contract claims.  Man and Gilmartin argue that under New York law, contracting parties may charge one another with tort liability if they allege the breach of duties which are independent of contractual obligations.  Man and

Gilmartin contend they have adequately pled their causes of action and that since UBS is moving to dismiss under Rule 12(b)(6), their pleadings should be viewed in the light most favorable to them.

**Legal Standard**

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985). A Rule 12(b)(6) motion will be granted only when it is certain that no relief could be granted under any set of facts that could be proved by the plaintiff. Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).

**Legal Discussion**

The parties essentially dispute whether Man and Gilmartin's cross-claims sound in tort or contract. Man and Gilmartin categorize their claims as breach of fiduciary duty and negligence, whereas UBS states they would correctly be categorized as breach of contract claims. The Court has concluded that because of the principles of notice pleading, it will accept Man and Gilmartin's claims as they portray them – claims for Breach of Fiduciary Duty and Negligence – both alleging that UBS breached duties independent of any contractual obligations it may have had.

Although the parties treat the Breach of Fiduciary Duty and the Negligence claim as one

in the same, they are distinct.  This Court will address them in turn.

In general, under New York law,[2] a fiduciary duty arises when one party is under a duty to act or give advice for the benefit of another, thereby creating a relationship of trust and confidence.  Zimmer-Masiello, Inc. v. Zimmer, Inc., 159 A.D.2d 363, 365 (N.Y.A.D. 1st Dept. 1990).  Fiduciary duties can exist alongside and in conjunction with contractual obligations, and indeed "tort liability for breach of fiduciary duty may be predicated on the precise conduct which also constitutes a breach of contractual obligations."  Rose v. Simms, 1995 WL 702307, at *9 (S.D.N.Y. Nov. 29, 1995) (citing Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc., 767 F. Supp. 1220, 1231 (S.D.N.Y. 1991), rev'd on other grounds, 967 F. 2d 742 (2d Cir. 1992)).

New York courts have found that fund administrators have fiduciary duties to investors to ensure the accuracy of reports concerning the valuation of the Fund's assets and reviewing statements to investors for accuracy.  Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Secs. LLC, 446 F. Supp.2d 163, 196-198 (S.D.N.Y. 2006).  See also Jordan (Bermuda) Inv. Co. v. Hunger Green Invs., Ltd., 2003 WL 21263544, at *4 (S.D.N.Y. June 2, 2003).

New York courts have also appropriately acknowledged the relevance of notice pleading regarding claims of fiduciary duty.  E.P. Lehmann Co. v. Polk's Modelcraft Hobbies, Inc., 770 F. Supp. 202, 205 (S.D.N.Y. 1991) (refusing to dismiss claim for breach of fiduciary duty against sales representative where the claim of a fiduciary relationship had some plausibility).  Here, similarly to in E.P. Lehmann Co., Id., the claims of breach of fiduciary duty have some

---

[2] The Court discusses New York law because the parties have done so.  The Court refrains from ruling on choice of law matters at the 12(b)(6) stage.  See Hodgson v. Gilmartin, 2006 WL 3861068, at *1 (E.D.Pa. Dec. 29, 2006).  The possibility that choice of law would affect whether UBS owed investors any duties, fiduciary or otherwise, illustrates one reason why notice pleading does not permit a conclusion at this point.  Id.  ("Although [movants] assert that they had no such fiduciary duty, the Court cannot reach such a determination at this time given the uncertainty of the controlling law.")

plausibility, and that plausibility is sufficient to survive a 12(b)(6) motion.

As noted above, negligence claims are distinct from breach of fiduciary duty claims, although both sound in tort.  Negligence claims, under New York law and elsewhere, require a showing that the defendant owed a cognizable duty of care, that the defendant breached that duty, and that the claimant suffered harm as a result of the breach.  For 12(b)(6) purposes, the cross-claims have adequately pled each of those elements.

It is generally true that claimants may not simply repackage contract-based claims as tort claims, or attempt to secure damages in tort when the relationship is essentially contractual.  However, the difference between contract-based and tort claims is often fact-intensive and not appropriate for the motion to dismiss stage.  "The facts of the case uncovered in discovery determine whether the underlying action sounds in tort or in contract."  See Baylson, et. al., Contracts, in 6 Business and Commercial Litigation in Federal Courts § 68:8, at 338 (Robert L. Haig, ed., 2d ed. 2005).  Given the principles of notice pleading, the Court is not persuaded that the cross-claims merely allege breaches of contractual obligations.  UBS's Motion to Dismiss the Cross-Claims is therefore denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STEPHEN J. HARMELIN, RECEIVER AD LITEM, et al. :     CIVIL ACTION

v. :

MAN FINANCIAL INC., et al.     :     NO. 06-1944

## ORDER

AND NOW, this 20th day of September, 2007, for the reasons stated in the foregoing Memorandum, it is hereby ORDERED that the Motion of UBS to Dismiss Man Financial's and Thomas Gilmartin's Cross-claims (Doc. No. 334) is DENIED.

                                         BY THE COURT:

                                         **/s/ Michael M. Baylson**

                                         Michael M. Baylson, U.S.D.J.

A:\Harmelin v. Man 06-1944 - Memo UBS Motion to Dismiss Cross-Claims.wpd