## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STEPHEN J. HARMELIN, RECEIVER AD LITEM, et al.  :      CIVIL ACTION

v.                                           :

MAN FINANCIAL INC., et al.                   :      NO. 06-1944

### MEMORANDUM

**Baylson, J.**                                            **November 15, 2007**

Among the many discovery disputes that have arisen in this case, Plaintiff seeks leave to serve an additional expert report out of time (see Doc. No. 415).  Although this motion was filed on September 12, 2007, and responded to promptly, the parties requested the Court to withhold action pending settlement discussions.  Recently the parties requested that the Court rule on the motion.

Plaintiff seeks to add as an expert Richard S. Pollack, Esquire, a partner in a consulting firm who has submitted a draft proposed report of four pages, offering an opinion on one aspect of the Man Financial Inc. ("Man") eMidas computer system, that it was defective because it allowed Paul Eustace, well known to the parties in this case, to manipulate and fabricate an important financial report which was then relied upon by Man and others.  Mr. Pollack's opinion, dated September 12, 2007, asserts that the eMidas system did not have adequate security to prevent such manipulation and fabrication, and was a "departure from standard industry practices, which seek to preserve the integrity of account data that customers may access on line."

-1-

Although there is evidence in the record that the parties in this case knew that the report was fabricated early on, Plaintiff asserts that it was not until the deposition of Mr. Eustace, on June 26, 2007, that there was any evidence in the case as to how the fabrication was accomplished and that Plaintiff took reasonably prompt steps to secure an expert, as now reflected in the September 12, 2007 report of Mr. Pollack.

There is no dispute that this expert report is out of time; however, Plaintiff asserts that the factual evidence in the record did not become available until after the deadline for expert reports, and therefore, the Court should allow the report to be served.  In response, Man contends that Plaintiff should have started investigating the reasons for the fabrication when he first knew of it, and that even if the June 2007 deposition of Mr. Eustace was the first time, Plaintiff has taken too long to present this report and Man will be prejudiced if it must defend against Mr. Pollack's opinion at the trial in January.

The Court rejects Man's first assertion that Plaintiff is introducing a new theory into the case.  Plaintiff has long asserted a claim of negligence against Man, and the operations of its eMidas system is one of the focal points of the negligence theory.  The Pollack report is merely an opinion to bolster one of many evidentiary facts relevant as to negligence that have been presented in the summary judgment record and on which Plaintiff relies to prove the claim of negligence against Man.

Man's objections to the timeliness of the report are more well founded, but the Court has decided in its discretion to allow the report to be served.  The June deposition presented new facts and Plaintiff acted reasonably.  However, in order to lessen the prejudice to Man, the Court will allow Man to take Mr. Pollack's deposition forthwith in New York City, which is

convenient for Man counsel.  No later than December 21, 2007, Man may serve a report of a rebuttal expert, which may be one of Man's current experts, or a new expert, if it wishes to introduce contrary opinion testimony at trial.  The Court will not allow the Plaintiff to take the deposition of Man's expert on this issue.  This balancing of the time frames and right of deposition will serve to obviate some of the prejudice about which Man complains, but will allow the jury to hear all the relevant opinion evidence.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STEPHEN J. HARMELIN, RECEIVER AD LITEM, et al. | : | CIVIL ACTION |
| v. | : | |
| MAN FINANCIAL INC., et al. | : | NO. 06-1944 |

## **ORDER**

AND NOW, this  15th   day of November, 2007, it is hereby ORDERED that Plaintiff's

Motion for Leave to Serve Additional Expert Report Out of Time (Doc. No. 380) is GRANTED,

subject to the conditions set forth in the foregoing Memorandum.


BY THE COURT:

s/Michael M. Baylson

_____

Michael M. Baylson, U.S.D.J.

O:\CIVIL\06-1944 Hodgson v. Gilmartin\Harmelin v. Man 06-1944 Memorandum 11-15-07.wpd